ZACHARIAH JAQUES and PATRICK MOONEY *v.* PETER MORRIS, JOSEPH CARPENTER and GEORGE R. JAQUES.

A complaint, in an action under the mechanics' lien law of 1851, must aver that the materials were furnished and the labor performed at or before the time when the notice to create a lien was filed.

The act of 1851 repealed that of 1844, whereby a contractor could acquire a lien before any performance and within twenty days after the making of his contract.

Whether it should appear in the complaint that, at the time the notice of lien was filed, the amount claimed was both due and *payable? Quere.*

The jurisdiction of the Court of Common Pleas is general, under the act for the better security of mechanics and others in the city of New York, as well as under the laws regulating its jurisdiction in cases not arising under that statute.

The jurisdiction of the inferior courts is not *exclusive,* but only—within certain limits—*concurrent* with the Court of Common Pleas.

Hence, any claim under the mechanics' lien law may be prosecuted in this court, although amounting to less than $100.

The plaintiff simply runs the hazard of paying his own costs in case his recovery does not extend to $50.

*It seems,* that the jurisdiction of the Marine Court, under the mechanics' lien law, is not limited to $100, but may embrace a claim amounting to $500. (*a*)

Where a complaint, although defective as to the main cause of action, is good in part, a general demurrer, going to the whole, cannot be sustained.

SPECIAL TERM, NOVEMBER, 1855.

Before WOODRUFF, J.

DEMURRER to complaint in an action under the statute for the better security of mechanics and others, passed July 11, 1851.

The complaint alleged, that the defendant, Morris, was, on the first of September, 1853, and had continued to be and still remained, the owner in fee of a lot of ground in the sixteenth ward of the city of New York, on the southerly side of Twenty-third-street, number unknown, between the ninth and tenth avenues, " midway of the block;" that in September, 1853, Morris contracted with the defendants, Carpenter and

(*a*) See the arguments of counsel in *Teaz* v. *Chrystie, ante,* pp. 626, 630.

Jaques, who were copartners, to erect a brown stone front building upon the lot, for a sum exceeding $3,000; that the terms of the contract were not particularly known to the plaintiffs, the instrument being in the defendants' possession; that the contractors entered upon its performance, and on the 29th of September made a verbal agreement with the plaintiffs, who were also copartners, to furnish brown stone for the building, and fit the same for use therein, for $1,050; that on the same day they made a further verbal agreement with the plaintiffs to furnish and prepare for use in the construction, blue stone, for $192, and on the 29th of October, made a like agreement for additional brown stone for $650.

That "*prior to the commencement of this action*," the plaintiffs performed and completed their several agreements above mentioned.

That *on the 15th of July*, 1854, the plaintiffs furnished to the contractors "sixty-six feet of stone stoop-facing," of the value of $11 88, which was used in the building in conformity with the contract with the owner.

That all the materials and work above set forth were worth $1,903 88, and "the same were entirely completed and finished *on the first of November*, 1854." That the plaintiffs, not having been paid in full, filed with the county clerk, *on the 29th of September*, 1854, the notice prescribed by the sixth section of the act, to effect a lien for $1,879 88.

That the building, "since and prior to the commencement of the action," had been completed, pursuant to the original contract, and accepted by the owner. That on the 31st of January, 1855, the owner served the plaintiffs with the notice provided in the 4th subdivision of the 11th section, requiring them to proceed with the enforcement of the lien, and that thereupon "this action has been instituted pursuant to statute and the rules and practice of this court."

That since the filing of the notice of lien, large sums had become due from the owner to his contractors, under the original contract, whereof the owner, when the action was commenced, still held $1,005; and that since the lien was

filed the owner had made, to the plaintiffs, payments on account, leaving due them a balance of $1,082 88.

These were, in substance, all the allegations contained in the complaint. It concluded with a prayer, for an accounting and settlement between the · plaintiffs and the owner and contractors; that the plaintiffs recover the amount last mentioned, with interest from September 29th, 1854, with costs ; that all the right, title and interest, on that day or subsequently, of the defendant, Morris, in the building and lot, be sold to pay such recovery; and that the defendants, Carpenter and Jaques, be adjudged to pay any deficiency arising on the sale; and that other or further relief · be granted as may be equitable.

The defendants served a joint dèmurrer, assigning the following grounds therefor : *First.* That it appeared by the complaint, that at the time the notice of lien was filed, the plaintiffs had not fully performed or completed their contract with the defendants, Carpenter and Jaques ; *Secondly.* That it did not appear by the complaint, that at the time the notice of lien was filed, there was any sum due to the plaintiffs from Carpenter and Jaques, pursuant to any contract between them; and, *Thirdly.* That the complaint did not state facts sufficient to constitute a cause of action.

The case came before the court at a special term.

*John B. Stevens* and *Nathaniel B. Hoxie,* for the defendants.

I. The statute is to be equitably construed. It no where prescribes that the contract of the lien holder shall be fully performed, before he can file the notice to effect a lien. It simply restricts the time within which the notice is to be filed to six months after performance. (§ 6.) It was evidently intended that the material or workman could *secure* himself at any moment; he, however, could not enforce his lien until after the work was performed ; (§ 4 ;) and unless he could so secure himself by filing his claim at any moment after

making his contract, the language and provision of § 4 are supererogatory.

II. The statute was intended to secure the sub-contractors. Upon the construction claimed by the defendants it would be utterly useless, as the fraudulent contractor would inevitably assign or dispose of his contract and the payments to fall due under it, within a day of the completion of the edifice, and leave his workmen and material men, (whose completion would earn those payments,) without a remedy.

III. The second ground of demurrer is not well taken. As matter of fact, it is sufficiently averred that $1,879 88 was due. Even if there was not, the statute was intended to cover and secure future payments falling due, and this should be equally so in the case of the contractor as the owner. The statute does not require us to file a notice of the amount "due," but "claimed." (§ 6.)  (*Doughty* v. *Devlin*, 1 E. D. Smith's Rep. 630; *Sullivan* v. *Brewster*, Ib. 681; *Spalding* v. *King*, Ib. 717; *Pendlebury* v. *Meade*, Ib. 728.)

IV. There is sufficient stated in the complaint to call upon the defendants to answer. Judgment should therefore be given for the plaintiffs on the demurrer, with costs.

WOODRUFF, J.—The complaint is, I think, defective, in not averring that the materials were furnished and the labor was performed at or before the time when the notice was filed by which a lien was sought to be created. Under a former act for the protection of mechanics, &c., passed in 1844, a contractor was permitted to acquire a lien by filing a notice, &c., within twenty days after the making of his contract; but that law was repealed by the act of 1851, which now only provides for a lien to be gained by filing a notice, &c., "after the performance of the labor or the furnishing of the materials."

The defect in the complaint is, that it does not show that a lien has been created which binds the building, &c., for the sum claimed. By this I do not mean to express any opinion whether it should appear that, at the time the notice is filed,

the amount claimed was both due and *payable*, but only that it must appear that the labor and materials had been then furnished and performed; for without that, it does not appear that any lien was created by filing the notice.

These remarks, however, do not apply to the claim for eleven dollars and eighty-eight cents, furnished on the 15th day of July, 1854. The stone for which this was claimed is averred to have been furnished before the notice was filed, and as to that there appears to be a valid lien.

It is, however, objected, that if a lien appear by the complaint to only cover a claim of less than one hundred dollars, this court has no jurisdiction.

I do not so understand the law. The jurisdiction of this court is general, under the statute in question, as well as under the laws regulating its jurisdiction. The limitation in the present statute is a limitation of the right to proceed in the inferior courts.

The claimant may foreclose in the Common Pleas, *or*, provided the amount claimed do not exceed $100, in a justice's court, &c. The proviso is annexed to the jurisdiction of the latter court only.

A foreclosure under this law is, in this respect, on the same footing as other actions. The jurisdiction of the inferior courts is not exclusive, but only, within certain limits, concurrent. Doubtless, under the extended jurisdiction of the Marine Court, a claim to the amount of $500 may be fore closed there; but their jurisdiction, if that be so, is by no means exclusive.

The plaintiffs will proceed here at the peril of paying their own costs, unless they amend their complaint, which they should be permitted to do on paying the costs of the demurrer.

But as this demurrer is *general*, going to the whole complaint, I am compelled to overrule it, although I might, had it been addressed to those parts of the complaint which are defective, have sustained it. As to all except the claim for $11 88, the complaint fails to state a cause of action.

Nevertheless, as the demurrer is general, it must be over-ruled, with leave to the defendant to withdraw the demurrer on the usual terms.

Ordered accordingly.